**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6782**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN MARSHALL UNDERWOOD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:17-cr-00029-1; 2:18-cv-00671)

Submitted: December 14, 2021                 Decided: January 20, 2022

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Marshall Underwood, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Marshall Underwood, Jr., seeks to appeal the district court's order accepting

the recommendation of the magistrate judge and denying relief on Underwood's 28 U.S.C.

§ 2255 motion.[1]  The order is not appealable unless a circuit justice or judge issues a

certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability

will not issue absent "a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies

this standard by demonstrating that reasonable jurists could find the district court's

assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 137 S. Ct.

759, 773-74 (2017).  When the district court denies relief on procedural grounds, the

prisoner must demonstrate both that the dispositive procedural ruling is debatable and that

the motion states a debatable claim of the denial of a constitutional right.  *Gonzalez v.*

*Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Underwood has not

made the requisite showing.[2]  Accordingly, we deny Underwood's motions for

---

[1] Because Underwood failed to specifically object to the magistrate judge's recommendation as it pertained to Underwood's ineffective assistance claim related to counsel's failure to move to dismiss the indictment, he has waived review of this claim. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

[2] An evidentiary hearing is generally warranted where, as here, competing sworn statements offer differing factual allegations that "relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) (cleaned up).  However, even assuming, without deciding, that the district court erred by rejecting, without a hearing, Underwood's claim that counsel rendered ineffective assistance by failing to advise him of (Continued)

appointment of counsel, to compel discovery, and for a certificate of appealability, and we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

the affirmative defense of entrapment, Underwood has not shown that he suffered any prejudice because the defense fails as a matter of law.